## J. N. BLAIN v. THE STATE.

*No. 629.　Decided May 8.*

1. **Bill of Exceptions—Modification or Explanation of by Judge—When Reversible—Practice.**—In order to have revised on appeal the action of the trial court in modifying, changing, or contradicting a defendant's bill of exceptions, the defendant must have objected to such action at the time, and have reserved a bill of exceptions to such alteration of his original bill. And a failure to do so is tantamount to an acceptance of the altered bill, and estops defendant from further complaint in the matter. Following Jones v. The State, 33 Texas Criminal Reports, 7.

2. **Change of Venue—Evidence as to Orders for, in Other Previous Cases.—** On a motion for change of venue, the orders and judgments of the court granting defendant changes of venue in other previous cases on account of prejudice against him in the county, are admissible in evidence.

3. **Same.—**See facts stated in the opinion which, though considered in connection with orders granting changes of venue in other cases on account of prejudice against defendant, upon which it is *Held*, that the court properly denied a motion for change of venue in this case.

4. **Continuance—Diligence.—**When witnesses who have been summoned do not attend, in order to entitle a party to a continuance, on account of their absence, legal diligence requires that he should have applied for an attachment for said witnesses.

5. **Same.—**Where a number of witnesses have been summoned as to an issue, and are not placed on the stand, defendant can not claim a continuance on account of the absence of other witnesses upon the same point.

6. **Robbery—Defense as to the Retaking of Money Won at Gambling.—** On a trial for robbery, where all the elements of a premeditated robbery are shown, the law will not recognize the defense that the property taken was money which the injured party had won at gambling from the defendant; and especially so where, as in this case, it appeared that at the time of the robbery the money had been peaceably, and without protest from defendant, placed by him in the hands of the prosecutor under the rules of the game

7. **Same—Indictment—Allegation—Description of Money.—**In an indictment for robbery, which described the money taken as "two hundred and twenty-five ($225) dollars, lawful and current money of the United States of America," *Held*, a sufficient description.

APPEAL from the District Court of Gonzales. Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for robbery, the punishment being assessed at ten years in the penitentiary.

A motion made by defendant to quash the indictment was overruled by the court. Omitting formal allegations, the charging part of the indictment is as follows: "That J. N. Blain, on the 25th day of January, A. D. 1895, in the county and State aforesaid, did then and there, in and upon Lemon Jones, make an assault, and did then and there, by the said assault and by violence to the said Lemon Jones, and by putting the said Jones in fear of his life and of bodily injury, fraudulently take from the possession and from the person of the said Jones, two hundred and twenty-five ($225) dollars, lawful and current money of the United States of America, which said money was then and there of the value of two hundred and twenty-five dollars, the same being then and there the corporeal personal property of the said Lemon Jones, without the consent of the said Lemon Jones, and with the intent then and there on the part of the said Blain to deprive the said Jones of the value of said money, and to appropriate it to his own use and benefit," etc.

The motion to quash was as follows, viz:

"1. Because the same is indefinite and uncertain in its allegation.

"2. Because the indictment does not set out or describe the alleged money said to have been taken from the said Lemon Jones.

"3. Because the indictment charges that said money was taken by violence to the person, and at the same time charges that said money was taken by putting the said Jones in fear of bodily injury, and the said charges are contradictory and make the indictment uncertain.

"4. Because the indictment is insufficient, in not alleging the means used in affecting said robbery by force, nor how the defendant put said Jones in fear of bodily injury."

An application was made by defendant for change of venue, and also for continuance, which were refused. The matters pertaining to those questions are sufficiently stated in the opinion.

The salient features of the case are concisely but sufficiently stated in the opinion.

The defendant's counsel requested a special instruction, as follows: "The jury are instructed, that if you find from the evidence that the said Jones won the money from the defendant that day or the day before in a gambling transaction, that is, a monte game, you will find the defendant not guilty, as the possession of the said Jones would not be a legal possession."

This instruction was refused by the court.

*W. W. Glass*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE. —The appellant was tried and convicted of robbery in the District Court of Gonzales County, and his punishment assessed at ten years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. The appellant has appended to his brief a proposition asking this court to strike out the explanations made by the court to his bill of exceptions numbers 2, 4, 5, 6, and 8. There is no other bill of exceptions in the record in regard to said explanations by the judge, and no assignment of error, and our attention is, for the first time, called to same in brief of counsel. We know of no practice which would authorize this mode of presenting the question. If the bill of exceptions was modified or changed (or contradicted, as appellant alleges) by the judge trying the case, and a revision of the action of the court in this regard was desired, appellant should have objected to the change at the time, and have reserved his bill of exceptions to the alteration of the bill as prepared by him. A failure on his part to so except is tantamount to an acceptance of said bill of exceptions, and he can not now be heard to complain. See Jones v. The State, 33 Texas Criminal Reports, 7.

Appellant made a motion in the court below to change the venue in this case, and he insists that the court improperly excluded two judgments offered by him, in which the venues had been changed to another county, the State being plaintiff, and appellant defendant, in both cases, on the ground that the prejudice was so great against him

that he could not get a fair and impartial trial in Gonzales County. In our opinion, said judgment or orders should have been admitted. One of said orders was made in a case in 1892, and one was made in July, 1894. Of course, they were not conclusive, but were competent evidence as tending to show the status of defendant as to prejudice against him at the time the orders were made, which could be considered by the court in connection with other evidence in the case, to enable the judge to determine whether such prejudice then existed against defendant in the case then on trial. However, as this question of a change of venue was solely for the determination of the court, and the evidence rejected was record evidence, we can consider the same, and give it the same effect as it should have had in the lower court.

These records show, that on the 18th day of July, 1892, as to said case, which was an indictment for murder, there existed against the defendant, in connection with said case, so great a prejudice that he could not get a fair and impartial trial, in the opinion of the judge trying the motion for a change of venue, and that this state of prejudice still existed against defendant on July 25, 1894, in said case, which was a new indictment for the same charge of murder. Said records, giving them their fullest effect, only showed, that in connection with said charge of murder there existed prejudice at that time against defendant. It can not be held, as claimed, that they show, even as to said case, that such prejudice still existed when this case was tried in March, 1895, and much less do they establish that such prejudice existed against the defendant with reference to the case for which he was then being tried. Conceding, however, that they were admissible as evidence tending to show the standing of defendant in Gonzales County as to the prejudice against him at that time, we will consider said orders, along with the other testimony in the case offered by the State and the defendant, on the question of a change of venue. On the motion to change the venue, the defendant had summoned something over fifty witnesses. He introduced nine of these. Only three testified that defendant could not get a fair and impartial trial in Gonzales County. The State showed, that two of these lived in an isolated portion of the county, and were not acquainted with the sentiment of the people throughout the county, and the third admitted that he was only acquainted with the people in his immediate neighborhood. Of the remaining six, five of these testified that defendant could get a fair and impartial trial in the county, and the other did not testify on the point at all. He only stated, that the feeling in the town of Gonzales was against defendant. The State introduced eight witnesses, all of whom stated that defendant could get a fair and impartial trial in the county. We are aware that it may sometimes occur that this very feeling or prejudice may render it impossible for a defendant to furnish proof of the fact of such prejudice, but generally such a state of feeling will be made to crop out in the examination of the witnesses; but here no

such feeling or personal ill will is attempted to be shown. Considering this testimony coming from the different witnesses placed on the stand, we are bound to conclude that the overwhelming weight of the evidence is with the State; and considering the orders of 1892 and 1894, made for a change of venue in another case, we must conclude that, whatever prejudice may have existed against defendant at that time as to said case, it had passed away, or that such prejudice, if it still existed as to said case, worked no prejudice against defendant in the case then on trial to such an extent that he could not get a fair and impartial trial in said county of Gonzales.

Appellant also filed a motion to continue the case, the overruling of which he assigns as error. He shows that he had summoned a number of witnesses, some fifteen or twenty, who did not attend, but he does not appear to have asked an attachment for them, which, in order to have brought himself within the pale of legal diligence, he should have done. Moreover, it is shown that he had summoned a number of witnesses on this issue whom he does not show were absent, and who were not placed on the stand, and defendant should have exhausted the testimony presented before he could claim a continuance on account of the absence of other witnesses upon the same point. As to the testimony of the witness Crazier, we do not think the testimony would have been admissible had he been present. He was not present at the game between defendant and the prosecutor in which it is alleged that the defendant lost the money, and, of the witnesses who were present, not one testifies to any unfairness in the game. And furthermore, we are at loss to see how the conduct of the game has any bearing upon the guilt or innocence of the defendant. The parties (defendant and the prosecutor) had been playing at monte for three days, the game often fluctuating, the prosecutor himself being largely loser at the end of the second day. On the third day the game appears to have changed in his favor, and he not only won his own money back, but also some of the money of the defendant. The game had ended, and the possession of the money all transferred to the prosecutor, and the parties were on their way back to town, when the defendant, as appears from the evidence, by a preconceived design, set upon the prosecutor, and, at the point of a pistol, compelled him to deliver the money—some $225—to him. At the time of the taking of the money, the possession of the entire fund had been peaceably, and without even any protest on the part of defendant, placed in the hands of the prosecutor under the rules of the game. In such case, in a civil suit the law would leave the parties in statu quo, and certainly in a criminal charge it would not recognize a retaking of the property which involved all the elements of a premeditated robbery. This view disposes of the motion for a continuance on account of the absent witness Crazier, and also of the defense on the same line set up in the special instruction asked by defendant, which was refused by the court.

The description of the money in the indictment, and the proof in that regard, we think sufficient. See Jackson v. The State, *ante*, p. 90.

It is not necessary to notice a number of other assigned errors. The record in this case showing that the appellant was properly and legally convicted, the judgment and sentence of the lower court is affirmed.

*Affirmed.*

Judges all present and concurring.