### ROGER CARROLL v. THE STATE.

#### No. 1945.    Decided May 16, 1900.

**1.  Robbery—Variance.**

  Where the indictment for robbery alleged that the offense was committed by means of an assault and by violence, etc., evidence which showed that defendant also used firearms does not constitute a variance between allegation and proof.

**2.  Same—Retaking Money Won from Defendant at Gaming.**

  On a trial for robbery, where the evidence showed that defendant lost upon a game of cards the money which he delivered to the winner, the assaulted party, the fact that the latter desired to quit the game did not give defendant the right to forcibly retake it, even though the winner won by an unfair game.

APPEAL from the District Court of Gonzales.    Tried below before Hon. M. KENNON.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The indictment charged appellant with the robbery of one Jim Brooks on the 18th of October, 1899, by assault and by violence and putting Brooks in fear of life and bodily injury.  Seven dollars was the amount of money taken by defendant from said Brooks.

In brief the evidence was that the parties agreed to play until one of them was broken at the game.  When Brooks had won all the money defendant had, he picked it up and started off with it.  Defendant drew his pistol, cocked it, and throwing it down upon Brooks, demanded that he give him up the money.  To this demand Brooks gave him the money.  Defendant's witnesses testified that defendant said, "Give me back my money.  You have swindled me.  You have marked my cards." Defendant stated in his testimony that he never said anything to Brooks about marking the cards until he had won the money, had it in his possession and started to leave.

*Nixon & Denmark,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charged robbery by means of an assault, and by violence, and by putting in fear of life and bodily injury.  On the trial the evidence disclosed, in addition to this, that appellant used firearms.  It is contended that this constitutes a variance between the allegation and the evidence.  There is no merit in this contention.  Charging the robbery to have been committed by the use of firearms would have entitled the State to a higher punishment, but this does not debar the prosecution from relying upon robbery by an assault, and by putting in fear of life, etc.  The State had the right to select these facts, and charge upon them, and this conviction could be pleaded in bar to a prosecution for any other phase of the transaction.

Appellant asked special instructions to the effect that any robbery

with intent to take that which is not the robber's own is the essential element of the offense. Therefore, if the jury believe from evidence that defendant had reason to believe he was swindled out of his money by an unfair game of cards, and was only by force taking back his lost money, then the jury should acquit. In this connection, the court instructed the jury that where two persons engage in a game of cards, betting money thereon, and one of the parties wins the other's money, and the party losing delivers the money so lost voluntarily to the winner, and the money so passes into the actual possession of the winner, then, within the meaning of the law, the winner is the owner of the money so passing into his possession. The evidence shows that appellant lost some money upon a game of cards, and delivered it to the winner, Brooks, the alleged assaulted party. Brooks decided to and did quit the game, whereupon appellant charged him with unfairness in winning the money. Upon this theory, appellant's contention was that he had a right to forcibly take the money, as he did. The court properly gave the law applicable to this state of case. See Blain v. State, 34 Texas Crim. Rep., 448. It was there said: "At the time of the taking of the money, the possession of the entire fund had been peaceably, and without even any protest on the part of appellant, placed in the hand of prosecutor, under the rules of the game. In such case, in a civil suit the law would leave the parties in statu quo, and certainly in a criminal charge it would not recognize a retaking of the property which involved all the elements of a premeditated robbery. Finding no error in the record, the judgment is affirmed.

*Affirmed.*