### GANT *v.* THE STATE.

SIMMONS, C. J. 1. The indictment in this case was for robbery, and charged, in one count, that the crime was committed by force and intimidation ; and the trial judge inadvertently omitted to charge separately upon robbery by intimidation. The evidence was sufficient to authorize a conviction of either offense, but the accused was found guilty with a recommendation that he be punished as for a misdemeanor, and the judge sentenced him in accordance

with the recommendation. *Held*, that, as both the grades of robbery are felonies, the omission to charge upon them separately was in this case harmless to the accused.

2. In the trial of one accused of robbery it is not error to charge that if two persons play and bet at cards and the loser wrongfully, fraudulently, and by force and violence compels the winner to surrender to the loser the money won, this is not robbery ; but that if the winner is at the same time and in the same manner compelled to surrender not only his winnings but also some of his individual money, then the loser would be guilty of robbery.

3. A verdict will not be set aside on the ground that a witness who gave material evidence at the trial subsequently admitted, when sworn as a witness in another case, that a portion of this evidence was false, it not appearing that such witness has ever been convicted of the offense of perjury. Civil Code, § 5366.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*

Submitted March 17, — Decided March 26, 1902.

Indictment for robbery. Before Judge Littlejohn. Sumter superior court. January 29, 1902.

*Blalock & Cobb*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.