## IN RE McDONALD.

(No. 3,626.)

(Submitted February 16, 1915.    Decided February 27, 1915.)

[146 Pac. 942.]

*Habeas Corpus—Appeal—Kidnaping—Information—Sufficiency
—Statutes—Rules of Interpretation.*

*Habeas Corpus*—Appeal.
1.   Availability of the remedy by appeal is not a bar to relief by the writ of *habeas corpus* to one imprisoned for crime under an alleged void judgment.

[As to right of person in custody under judgment to be discharged on *habeas corpus,* when judgment ceases to be operative, see note in Ann. Cas. 1913B, 878.]

Criminal Law—Kidnaping—Information—Sufficiency.
2.   Section 8306, Revised Codes, provides that every person who willfully seizes or inveigles another with intent to cause him to be *secretly* confined within the state, or sent out of the state, *etc.,* is guilty of kidnaping. *Held,* that an information which omitted the qualifying word "secretly" in charging the crime of kidnaping was nevertheless sufficient to support a conviction.

Statutes—Rules of Interpretation.
3.   In the interpretation of statutes, resort should first be had to the ordinary rules of grammar.

IN THE MATTER of the application of Michael McDonald for a writ of *habeas corpus.*    Writ denied, and complainant remanded.

*Messrs. Maury, Templeman & Davies* and *Mr. I. G. Denny,* for Complainant, submitted a brief; *Mr. H. L. Maury* argued the cause orally.

*Mr. D. M. Kelly,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, for the State, submitted a brief; *Mr. Wagner* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Habeas corpus.*    On August 29, 1914, an information was filed in the district court of Silver Bow county by the county attorney, charging the complainant and four others with the

crime of kidnaping. The charging part of the information is as follows: "That at the county of Silver Bow, state of Montana, on or about the 27th day of August, A. D. 1914, and before the filing of this information, the said defendants did willfully and unlawfully, wrongfully, intentionally and feloniously seize, confine and kidnap one Patrick Towey, a human being, with intent in them, the said defendants, then and there to cause the said Patrick Towey, without authority of law, to be kept and detained against his, the said Patrick Towey's, will."

Thereafter, the complainant having entered his plea of not guilty, such proceedings were had in the cause that it was transferred to Jefferson county, in the fifth district. On a trial a jury returned a verdict of guilty "of the crime of kidnaping in the manner and form charged in the information," leaving the punishment ·to be fixed by the court. The complainant was thereupon sentenced to a term of three years in the state prison at hard labor, where he was confined when this application was made. His counsel insist that his imprisonment is illegal for that the facts stated in the information do not constitute a public offense of the grade of felony, and hence that the court was without jurisdiction to sentence him to a term in the state prison, or, to make the statement specific, that the information does not charge the crime of kidnaping as defined by the statute, in that it omits the qualifying word "secretly." Of course, if this contention can be maintained, the court was without jurisdiction to pronounce the judgment it did, and hence execution of it upon the complainant is illegal. For though the court had jurisdiction of the crime of kidnaping and of the defendant and the authority to sentence him upon allegation and proof establishing, his guilt, it was without authority to sentence him for that crime if the information charged, and the evidence demonstrated, that he was guilty of some other crime, as, for instance, false imprisonment.

The question whether in a given case the court pronounced the proper judgment may be inquired into by *habeas corpus,* [1] even though the complainant has a remedy by appeal. It

was expressly so ruled by this court in the case of *State* v. *District Court*, 35 Mont. 321, 89 Pac. 63. If the judgment or order upon which the complainant is imprisoned is for any reason void and open to collateral attack, relief may be had from the imprisonment, though the remedy by appeal is also available. (*In re Downey*, 31 Mont. 441, 78 Pac. 772; *In re Farrell*, 36 Mont. 254, 92 Pac. 785.)

The complainant was charged and convicted under section [2] 8306 of the Revised Codes. So far as it is pertinent here it reads as follows: "Every person who willfully (1) seizes, confines, inveigles or kidnaps another with intent to cause him, without authority of law, to be secretly confined or imprisoned within this state, or to be sent out of the state, or in any way held to service or kept or detained against his or her will or against the will of his or her parent or guardian, whether such guardian be natural or appointed * * * is guilty of kidnaping and is punishable by imprisonment in the state prison for not less than one year."

At the common law the offense of kidnaping consisted in the forcible abduction or stealing away of a person from his own country and sending him into another country. (Blackstone's Commentaries, p. 219; 1 Wharton's Criminal Law, 10th ed., sec. 590; Bishop's Criminal Law, 8th ed., sec. 750.) The crime has been much extended by statute, both in this country and in England, so that now it is defined and punished by statute, we believe, in all the states. These statutes in many cases include acts which formerly were punishable as false imprisonments only, or under other names and penalties, such as the abduction of children, *etc.* Eliminating the qualifying words "unlawfully," *etc.*, which are not found in the statute, the Act charged as an offense by the information is that the defendant "did willfully seize, confine and kidnap one Patrick Towey * * * with intent * * * to cause * * * Patrick Towey, without authority of law, to be kept and detained against his will." It is said that the omission of the word "secretly," which qualifies every act enumerated as an offense, reduces the charge to one

of false imprisonment, which is defined and punished as a dis-
[3] tinct offense under section 8324 of the Revised Codes. If
we apply the ordinary rules of grammar to an analysis of this
statute, which is always the first resort in the process of inter-
pretation (*Jay* v. *School Dist. No. 1*, 24 Mont. 219, 61 Pac.
250; Endlich on Interpretation of Statutes, sec. 4), we find
that it includes these acts as offenses: To seize, *etc.*, another
with intent to cause him, without authority of law: (1) To be
secretly confined or imprisoned within this state; (2) to be sent
out of the state; or (3) to be in any way held to service or kept
or detained against his will, or, in case the person is a minor or
under guardianship, against the will of the parent or guardian.
That the word "secretly" does not modify the words "kept or
detained" is entirely clear when we note that the clause "to be
secretly confined or imprisoned within this state" is made co-
ordinate with each of the following by the use of the disjunctive
"or," and that all of them are complete within themselves, with-
out the interpolation of any word whatsoever. If the word
"secretly" is to be understood as modifying this clause, for the
same reason it must also be understood as modifying the clause
"to be sent out of the state," whereas the element of secrecy
has never been regarded as a concomitant of the act denounced
as an offense by this clause, when the act is accompanied by
unlawful violence and the necessary intent; for no intelligent
person, upon reading the statute, could escape the conclusion
that if one person should seize another without authority of law
with the intent to cause him to be sent out of the state, that act
would come within the provision of the statute, whether it should
be done secretly or openly.

The crime of kidnaping is closely analogous to the crime of
false imprisonment. The latter is any unlawful violation of the
personal liberty of another, both at common law and under the
statute. (Rev. Codes, sec. 8324; McClain on Criminal Law, sec.
486; Bishop's Criminal Law, 8th ed., 748.) The former is an
aggravated form of the latter. At common law the element of
aggravation was the removal of the person from his country

or state, not the secret removal. Under the statute, the intent to remove is sufficient to complete the offense. Thus an act which, in the absence of the statute, was only a false imprisonment, is brought into the category of acts punished as the aggravated offense. It was within the power of the legislature to do this. It might, if it chose, define and punish all false imprisonments as kidnaping. Whether it has in fact done this, thus rendering section 8324 measurably useless, it is not necessary for us to inquire at this time. Our task is at an end when, applying the elementary rule of construction to the statute, it is ascertained that the act charged in the information is within the purview of the definition there laid down. Objections to the propriety of legislation destroying the distinction between this crime and that of false imprisonment, if such is the result, should be addressed to the legislature. . This court is not required, by resort to artificial rules of interpretation, to import into a statute a meaning which its words clearly do not convey.

Counsel insist that our statute is a copy of that found in the Penal Code of the state of New York, and that this court is bound by the construction given by the court of last resort of that state. They cite and rely with confidence upon the case of *People* v. *Camp*, 139 N. Y. 87, 34 N. E. 755, as conclusive of their contention. That the statute was adopted from the Code of New York, directly or indirectly, we do not question. That the interpretation given it by the highest court of that state should be accorded most respectful consideration we readily concede. That we are bound by it we do not concede. The question decided by the court in *People* v. *Camp* was whether, in order to sustain a conviction under the statute, it must appear that the imprisonment or confinement, besides being against the will of the person detained and without authority of law, must also be done secretly. The court reached the conclusion that it must so appear. The clause of the statute in question here, however, was not considered. Some remarks of the court found in the opinion seem to lend support to the contention of counsel, but do not in fact when we keep in view the question exam-

ined and decided. The case is not in point. Neither is the case of *Smith* v. *State*, 63 Wis. 453, 23 N. W. 879, also cited by counsel. An examination of the statute of Wisconsin discloses that the definition of the crime by it is so essentially different from that given in our statute that decisions interpreting it furnish little, if any, aid in the interpretation of ours. In only one case has our own court ever had occasion to consider any provision of the statute. In *State* v. *Stickney*, 29 Mont. 523, 75 Pac. 201, was brought in question the sufficiency of an information charging the species of crime defined by subdivision 3 of section 380 of the Penal Code of 1895, which was identical with subdivision 3 of the present statute (Rev. Codes, sec. 8306.) In disposing of this contention the court said that if the prosecution had been brought under subdivision 1, the objection made would be maintainable, but that under subdivision 3, if the defendant had willfully and feloniously enticed or taken the prosecuting witness from the state of Colorado, he could have completed the crime of kidnaping as defined in that subdivision, by sending, bringing, having or keeping her, or causing her to be kept or secreted in this state. What was thus said by way of argument was without any purpose of determining that secrecy is an essential element of every act denounced in subdivision 1. Even so, now that subdivision 1 is the subject of interpretation, the remark relied on by counsel cannot be given the import they assign to it. It can have application only to the first disjunctive clause of subdivision 1.

The charge in the information in this case was sufficient under the third clause of this subdivision, and the judgment pronounced against complainant was correct. The writ is discharged, and the complainant is remanded to the custody of the warden of the state prison.

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.