(November 3, 1923.)

## STATE, Respondent, v. PAUL PRICE and FLOYD PRICE, Appellants.

[219 Pac. 1049.]

SPECIAL PROSECUTING ATTORNEY—PRESUMPTION—FAILURE TO OBJECT— WAIVER—ROBBERY—MONEY WON IN GAMBLING.

1. In a criminal prosecution under an information signed by one as "acting prosecuting attorney," if the record fails to show appointment of a special prosecuting attorney under C. S., sec. 3654, or any objection to the information in the court below on the ground that the "acting prosecuting attorney" was without authority to file the information, such objection, which might have been raised in the trial court by demurrer to or motion to set aside the information, when raised for the first time in this court, will be held to have been waived, and the presumption that one or more of the grounds for the appointment of a special prosecuting attorney existed and that the appointment was regularly made by the trial court will prevail.

2. An instruction that "if a person losing at cards voluntarily delivers the money lost to the winner's actual possession, the winner owns the money, so that the forcible taking of it from his possession may constitute robbery," constitutes reversible error.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Defendants were convicted of robbery. *Reversed.*

William Edens, for Appellants.

The conviction and sentence of a person charged with crime by information and not signed by the person designated by law are void for want of jurisdiction in the trial court. (*State v. Beddo,* 22 Utah, 432, 63 Pac. 96; *State v. Morrey,* 23 Utah, 273, 64 Pac. 764; *State v. Buker,* 23 Utah, 276, 64 Pac. 1118; *Connors v. Pratt,* 38 Utah, 258, 112 Pac. 399; 14 C. J. 158; *Fullingim v. State,* 7 Okl. Cr. 333, 123 Pac. 558; *McGarrah v. State,* 10 Okl. Cr. 21, 133 Pac. 260; *Jackson v. State,* 4 Kan. 150.)

A special prosecutor may be appointed only on the occurrence of some of the contingencies that disqualify the prosecuting attorney from attending the duties of his office, and this section requires that the order must show the disqualification or inability of the county attorney to act in some particular matter connected with his office or the duties thereof. (C. S., sec. 3654; *State v. Barber*, 13 Ida. 65, 88 Pac. 418.)

A loser at cards who by force compels the winner to surrender the money won is not guilty of robbery. (*Gant v. State*, 115 Ga. 205, 41 S. E. 698; *Thompson v. Commonwealth*, 13 Ky. Law Rep. 916, 18 S. W. 1022; *Sikes v. Commonwealth*, 17 Ky. Law Rep. 1353, 34 S. W. 902; *Smith v. State* (Tex.), 81 S. W. 712.)

Property taken by force under claim of right or ownership does not constitute robbery. (23 R. C. L. 1143; *Crawford v. State*, 90 Ga. 701, 35 Am. St. 242, 17 S. E. 628; *State v. Hollyway*, 41 Iowa, 200, 20 Am. Rep. 586; *State v. Brown*, 103 Mo. 365, 16 S. W. 406; *Gables v. State* (Tex. Cr.), 68 S. W. 288; *Fanin v. State*, 51 Tex. Cr. 41, 123 Am. St. 874, 100 S. W. 916, 10 L. R. A., N. S., 744 and note; *Brown v. Commonwealth*, 135 Ky. 635, 135 Am. St. 485, 21 Ann. Cas. 672, 117 S. W. 281.)

One is not guilty of robbery who takes his own property from another though by violence. (*Barnes v. State*, 9 Tex. App. 128; *Higgins v. State* (Tex. App.), 19 S. W. 503; *People v. Vice*, 21 Cal. 344; *Triplett v. Commonwealth*, 122 Ky. 35, 91 S. W. 281.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

A demurrer must be interposed where the information contains any matter which is a legal bar to the prosecution. (C. S., sec. 8870.)

When the objections declared ground of demurrer by sec. 8870 appear upon the face of the indictment, they can only be taken advantage of by demurrer, except that objections to the jurisdiction of the court may be taken at

the trial in a plea of not guilty, or after trial in arrest of judgment. (C. S., sec. 8878.)

An information may be filed by a *de facto* prosecuting attorney. (22 Cyc. 260, 261, note 36; *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034.)

In the absence of anything to the contrary, the court will presume that the statutory requirements have been complied with. (*State v. Yturaspe,* 22 Ida. 360, 125 Pac. 802.)

It is robbery where a loser in a gambling game forces the winner to return the money gained from the loser. (Brill's Cyc. Crim. Law, sec. 937, p. 1483, note 16; *Carroll v. State,* 42 Tex. Cr. 30, 57 S. W. 99; *Coker v. State,* 71 Tex. Cr. 504, 160 S. W. 366.)

DUNN, J.—Appellants were charged in the district court of Bannock county with having robbed one Lee Lewis of $45, and on the trial the jury found them guilty as charged. The judgment of the court fixed the punishment of appellants at not less than five years in the state penitentiary, from which an appeal was taken.

The information in this case was signed by "H. O. Mc-Dougall, Acting Prosecuting Attorney, Bannock County, Idaho," and the first assignment of error attacks the information and all proceedings under it as void because the record fails to disclose the appointment of H. O. Mc-Dougall as special prosecutor, or any reason for such appointment. No objection to the information was made in the court below on this ground, and while the record should have shown the appointment of a special prosecuting attorney, and the reason therefor, in the absence of such showing it will be presumed that one or more of the statutory reasons therefor existed, and that the appointment was properly made by the trial court. (*State v. Yturaspe,* 22 Ida. 360, 125 Pac. 802; *State v. Perry,* 4 Ida. 224, 38 Pac. 655.) This objection could have been presented to the trial court either by demurrer, under subd. 5 of C. S., sec. 8870, or by motion to set aside the information, under

subd. 1 of C. S., sec. 8863. No such objections having been urged in the court below, they are waived under the provisions of C. S., secs. 8878 and 8864.

The next assignment of error is based upon the following instruction to the jury:

"You are instructed, gentlemen of the jury, that if a person losing at cards voluntarily delivers the money lost to the winner's actual possession, the winner owns the money, so that the forcible taking of it from his possession may constitute robbery."

We think this instruction constitutes ground for reversing the judgment. After the jury had retired they returned into court and requested the court to inform them as to the ownership of the money alleged to have been taken in the robbery. This, of course, the court could not do, but in the course of the interview between the court and the jury the court called attention of the jury to this instruction, together with the instruction defining robbery. Considering this request of the jury for information, it seems improbable that without this instruction the jury would have found the defendants guilty of the crime of robbery.

While it is held by some courts that money won in an ordinary bet and voluntarily paid over becomes the property of the winner (*Blain v. State,* 34 Tex. Cr. 448, 31 S. W. 368; *Carroll v. State,* 42 Tex. Cr. 30, 57 S. W. 99; *Coker v. State,* 71 Tex. Cr. 504, 160 S. W. 366), we are not prepared to indorse this doctrine. We know of no law in this state that justifies a holding that one may acquire a valid title to money or other property, either real or personal, by the simple but unlawful process of gambling.

It has been held that if two persons play and bet at cards and the loser wrongfully, fraudulently and by force and violence compels the winner to surrender to the loser the money won, this is not robbery. (*Gant v. State,* 115 Ga. 205, 41 S. E. 698; *Sikes v. Commonwealth,* 17 Ky. Law Rep. 1353, 34 S. W. 902; *Thompson v. Commonwealth,* 13 Ky. Law Rep. 916, 18 S. W. 1022.)

There is evidence tending to show that Lewis won the money mentioned in the information from appellant Floyd Price, and there is also evidence in the record tending to show that he probably stole this and other money, together with a watch, from this appellant. If he obtained possession of the money mentioned in the information by either of such means he had no right or title to it.

There is evidence tending to show that appellants, if they committed the acts charged, forced the delivery of the $45 by Lewis to Price under the belief that the money so taken belonged to Floyd Price. If it were taken under such circumstances, under the *bona fide* belief that it was his and that he was entitled to its possession, Floyd Price at least would not be guilty of robbery, although he would be guilty of a criminal offense. (*State v. Brill,* 21 Ida. 269, 121 Pac. 79; *Crawford v. State,* 90 Ga. 701, 35 Am. St. 242, 17 S. E. 628; *State v. Brown,* 103 Mo. 365, 16 S. W. 406; *Gables v. State* (Tex. Cr.), 68 S. W. 288; *Brown v. Commonwealth,* 135 Ky. 635, 135 Am. St. 485, 21 Ann. Cas. 672, 117 S. W. 281; *Higgins v. State* (Tex. App.), 19 S. W. 503; *People v. Vice,* 21 Cal. 344; *Triplett v. Commonwealth,* 122 Ky. 35, 91 S. W. 281; *People v. Ammerman,* 118 Cal. 23, 50 Pac. 15.)

For the giving of this instruction the judgment is reversed.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

BUDGE, C. J., Dissenting.—I concur in that portion of the majority opinion relating to the signing of the information by the acting prosecuting attorney, but I am out of accord with that part of the opinion relating to the instruction under consideration and also the question of the sufficiency of the evidence. I think the giving of the instruction complained of did not constitute reversible error. While there is a conflict of authority as to the correctness of the rule stated in the instruction, I think the sound view to be that a forcible retaking of money lost in a gambling game, in accordance with the rules thereof, where there has been a voluntary payment by the loser to the

winner, may constitute robbery, robbery being the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear. (C. S., sec. 8226.) As was said in the case of *Coker v. State*, 71 Tex. Cr. 504, 160 S. W. 366:

"If the party losing at cards voluntarily delivers the money lost to the winner's actual possession, the winner owns the money, so that the forcible taking of it from his possession may constitute robbery."

To the same effect see: *Carroll v. State*, 42 Tex. Cr. 30, 57 S. W. 99; 2 Brill's Cyclopedia of Criminal Law, p. 1483, sec. 937. In the case of *Blain v. State*, 34 Tex. Cr. 448, 31 S. W. 368, it was said:

"In such case, in a civil suit, the law would leave the parties *in statu quo*, and certainly in a criminal charge it would not recognize a retaking of the property, which involved all the elements of a premeditated robbery."

I have examined the evidence and find a sharp conflict but sufficient competent evidence to support the verdict and judgment. Where there is substantial conflict in the evidence but sufficient competent evidence to sustain the verdict, it will not be disturbed. (*State v. Silva*, 21 Ida. 247, 120 Pac. 835; *State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. White*, 33 Ida. 697, 197 Pac. 824; *State v. Colvard*, 33 Ida. 702, 197 Pac. 826; *State v. Neidermark*, 35 Ida. 703, 208 Pac. 232.)

In my opinion the judgment of the lower court should be affirmed.