## STATE v. OLSEN.

No. 5006. Decided June 26, 1930. (289 P. 92.)

*P. E. Norseth* and *Geo. H. Lowe,* both of ·Ogden, for appellant.

*Geo. P. Parker,* Attorney General, and *L. A. Miner,* Deputy Attorney General, for the State.

ELIAS HANSEN, J.

The defendant was found guilty of the crime of kidnapping and sentenced to serve an indeterminate term in the state prison. He appeals. By his assignments of error he assails the sufficiency of the information and of the evidence to sustain a conviction of the crime of kidnapping. The charging part of the information reads thus:

"The said defendant, on January 29th, 1929, at the County of Weber, State of Utah, wilfully, unlawfully and feloniously, without lawful authority, seized, confined, inveigled and kidnapped one Leah Schofield, with intent to cause the said Leah Schofield to be kept and detained against her will."

The provisions of our Penal Code which the state claims the defendant violated is subdivision 1 of section 8040, Comp. Laws Utah 1917, which reads as follows:

"Every person who wilfully:

"1. Seizes, confines, inveigles, or kidnaps another with intent to cause him, without authority of law, to be secretly confined or imprisoned within this state, or to be sent out of the state, or in any way held to service or kept or detained against his will; * * * is guilty of kidnapping. * * *"

The defendant contends that to unlawfully seize, confine, or inveigle a person with intent to cause such person to be kept or detained against his will does not constitute the crime of kidnapping in the absence of an intent that such person shall be "secretly" kept or detained. The case of *People* v. *Camp,* 139 N. Y. 87, 34 N. E. 755, is cited in support of such contention. The state contends that the information and the evidence in this case supports the conviction of the defendant of the crime of kidnapping and that it is not necessary to allege or prove that the act of seizing, confining, or inveigling was committed with the intent that such person be "secretly" kept or detained. The case of *Ex parte McDonald,* 50 Mont. 348, 146 P. 943, is cited by the state in support of its contention. The case of *People* v. *Camp,* supra, supports defendant's contention, and the case of *Ex parte McDonald,* supra, supports the state's contention. In both of those cases the statutes involved were almost identical with the statute involved in the instant case. The Montana statute seems to have been adopted from the New York statute, and in turn our statute seems to have been adopted from the Montana statute. The case of *People* v. *Camp* was decided in 1895. The case of *Ex parte McDon-*

*ald* was decided in 1915. Our statute was enacted after the New York Case was decided and before the decision was rendered in the Montana case. A general rule of law frequently announced by the courts is that "when a statute has been adopted from another state or country, the judicial construction already placed on such statute by the highest courts of the jurisdiction from which it is taken accompanies it, and is treated as incorporated therein." 25 R. C. L. § 294, p. 1069. The rule, however, is not absolute. 25 R. C. L. § 295, p. 1073. If the general rule is to be applied in the instant case, it would result in this court following the construction placed upon the statute by the New York courts, rather than the construction of the Supreme Court of Montana.

The crime of false imprisonment is included within the crime of kidnapping. The former is an indictable misdemeanor, the latter a felony. At common law kidnapping consists of the unlawful seizure and removal of a person from his own country or state against his will. In this state the crime of kidnapping has been extended to other cases. Under the provisions of our statute, one who unlawfully seizes another, without authority of law, with intent to cause him to be secretly confined or imprisoned within the state or to be sent out of the state against his will, is guilty of kidnapping. The unlawful seizure of a person, with the mere intent to confine or imprison the person seized within the state, is not kidnapping. The statute requires that the intent must be to cause him to be "secretly" confined or imprisoned. It is difficult, if not impossible, to distinguish between the intent to cause a person to be confined or imprisoned and the intent to cause a person to be kept or detained. The words "confined," "imprisoned," "kept," and "detained" may well be said to be synonymous terms. If there is any distinction between the idea conveyed by the words "confine a person," "imprison a person," "keep a person," and "detain a person," it is that to confine or imprison a person is a more serious interference with per-

sonal liberty than to keep or detain a person. There is no logical basis for saying that an intent to cause one to be "secretly" confined or imprisoned is essential to constitute the crime of kidnapping, but if the words "kept and detained" are substituted for the words "confined and imprisoned" the necessity of alleging and proving the intent of the accused to "secretly" deprive another of his personal liberty is dispensed with. The seriousness of the crime must be determined by the act or acts committed and the intent with which they are committed, and not by the choice of the words used in charging the crime. If the acts which are declared to constitute the crime of kidnapping by the language of subdivision 1, § 8040, Comp. Laws Utah 1917, are separately stated, we have this result: "Every person who wilfully seizes, confines, inveigles or kidnaps another with intent to cause him, without authority of law, to be secretly confined or imprisoned within this state against his will, is guilty of kidnapping." Also, "Every person who wilfully, seizes, confines, inveigles or kidnaps another with intent to cause him, without authority of law, to be sent out of the state, against his will is guilty of kidnapping." And also, "Every person who wilfully seizes, confines, inveigles or kidnaps another with intent to cause him, without authority of law in any way held to service, or kept or detained against his will is guilty of kidnapping." It will be observed that the omission of the words "to be" before the words "in any way held to service," etc., in the last sentence renders it somewhat meaningless. If the words "or in any way held to service," etc., are transposed so that they follow immediately after the word "imprisoned," the section would read thus: "Every person who wilfully seizes, confines, inveigles or kidnaps another with intent to cause him, without authority of law, to be secretly confined or imprisoned or in any way held to service, or kept or detained within this state, or to be sent out of the state against his will is guilty of kidnapping." Such an arrangement of the language of the statute would make it clear and consistent. In the construction

of a statute it is not uncommon to transpose words, phrases, and sentences when necessary to give effect to all of the words in the statute and to carry out the manifest intention of the Legislature. 2 Lewis' Sutherland Statutory Construction (2d Ed.) p. 744, § 386.

It is improbable that the Legislature intended that the punishment which shall be meted out for the commission of a prohibited act or acts committed with a specific intent shall depend on the name used in the complaint, information, or indictment to designate the crime charged. ■ It may be assumed that the Legislature intended that the punishment for crime should be commensurate with the seriousness of the wrongful act or acts committed. As the punishment which may be imposed upon one convicted of the crime of kidnapping is greater than the punishment imposed upon one convicted of the crime of false imprisonment, it would seem to follow that the crime of kidnapping contains some element not present in the crime of false imprisonment. The distinction lies in the intent with which the act is committed. One who unlawfully seizes another with intent to merely keep or detain the person so seized against his will is guilty of false imprisonment and not of kidnapping, while one who unlawfully seizes another with intent to "secretly" keep or detain the person so seized against his will is guilty of the crime of kidnapping. The information in this case fails to allege, and the evidence fails to show, that the defendant at the time he is alleged to have seized Leah Schofield intended to "secretly" keep or detain her against her will. Therefore the information states facts sufficient to constitute the crime of false imprisonment, but does not state facts sufficient to constitute the crime of kidnapping.

Other errors are assigned, but as the claimed errors are not likely to occur upon a new trial, it is not necssary to discuss them.

The judgment is reversed, and the cause remanded to the

district court of Weber county with directions to grant a new trial.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.