Bevel *v.* State.

Feb. 4, 1952.

No. 38294 (56 So. (2d) 500)

**Gore & Gore,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

Alexander, J.

The appellant appeals from a conviction of kidnapping. The charge is laid under Code 1942, Section 2237. The only assignment of error is directed to the action of the trial court in overruling a demurrer to the indictment. The ground of the demurrer was duplicity. The indictment in substance charges that the appellant did unlawfully and feloniously make an assault upon the victim, and did forcibly lay hold of her and unlawfully and forcibly did seize, confine and kidnap her, without her consent, and against her will, with the intent to cause her to be deprived of her liberty.

Attack is made upon that part of the indictment which charges an assault. The statute referred to uses the following language: "Every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or kidnap any other with intent to cause such person to be secretly confined or imprisoned in the state against his will, or * * * to cause such other person to be deprived of his liberty, or in any way held to service against his will, * * *." etc.

It will be seen at once that every unlawful and forcible kidnapping and confining necessarily involves as a constituent element the crime of false imprisonment. State v. Olsen, 76 Utah 181, 289 P. 92; Wharton, Criminal Law, (12th Ed.) Section 779. Such crimes as robbery by putting in fear necessarily include an assault, and if by violence to the person, involve a battery. The indictment is particular in setting out the exact section under which the prosecution is had and by both the language of the indictment and the reference to the statute sufficiently informed the accused of the nature and cause of the accusation against him. It is therefore not duplicitous merely because the means of carrying out the crime charged involves as an element that which would constitute a crime. Peters v. State, 177 Ga. 772, 171 S. E. 266; Hosier v. U. S., 5 Cir., 64 F. (2d) 657, certiorari

denied 290 U. S. 677, 54 S. Ct. 100, 78 L. Ed. 584; 42 C. J. S., Indictments and Informations, Sections 164, 170.

It is our conclusion therefore that the trial court was correct in overruling the demurrer to the indictment.

Affirmed.

**Hall, Lee, Kyle** and **Arrington, JJ.,** concur.