243 P.2d 975

STATE v. EVANS.

No. 7867.

Supreme Court of Idaho.

April 29, 1952.

J. Blaine Anderson, Blackfoot, for appellant.

460

Robert E. Smylie, Atty. Gen., William H. Bakes, Asst. Atty. Gen., and Marion Callister, Special Prosecuting Atty., for Bingham County, Blackfoot, for respondent.

THOMAS, Justice.

The defendant was charged with, prosecuted for, and convicted of the crime of kidnapping in the second degree, under subd. 1 of Sec. 18-4501, I.C., based upon an indictment of the grand jury.

The defendant appeals from such conviction and assigns as errors the failure of the trial court to sustain his timely objection to the introduction of any evidence, the refusal of the court to grant defendant's motion in arrest of judgment, and giving of certain instructions. These assignments present but one question and all relate to the matter of whether or not it was necessary to allege in the indictment and prove at the trial that the defendant *secretly* kept and detained the complaining witness against her will.

The charging part of the indictment is set forth in the following language:

"The said J. C. Evans on or about the 1st day of October, 1951, did then and there wilfully, knowingly, unlawfully, intentionally and feloniously *sieze*, confine, inveigle, and kidnap one Joan Mc-Carrel with intent to cause her without authority of law to be kept and detained against her will".

The provisions of Sec. 18–4501, subd. 1, I.C., defining kidnapping in the second degree, so far as relevant here, was last amended in 1919 and reads as follows:

"Every person who wilfully:

"1. Seizes, confines, inveigles or kidnaps another, with intent to cause him, without authority of law, to be secretly confined or imprisoned within this state, or to be sent out of this state, or in any way held to service or kept or detained against his will; or,

"2. * * *

"3. * * *, is guilty of kidnapping."

It is the contention of the defendant that the indictment does not allege the public offense of kidnapping in the second degree in the absence of an allegation that the person was *secretly* kept and detained, but, at most, alleges false imprisonment. In support of such contention appellant cites and relies principally on the cases of People v. Camp, 139 N.Y. 87, 34 N.E. 755, decided in 1893, and State v. Olsen, 76 Utah 181, 289 P. 92, decided in 1930. On the other hand, the state asserts that the information sufficiently charges and the evidence supports the conviction of the crime of kidnapping in the second degree, and that it is not necessary to set forth in the indictment and prove that the act of seizing, confining and inveigling or kidnapping was committed with the intent that such person be secretly kept or detained. The state cites and relies principally on Ex parte McDonald, 50 Mont. 348, 146 P. 942, decided 1915; State v. Taylor, 70 N.D. 201, 293 N.W. 219, decided 1940, and State v. Croatt, 227 Minn. 185, 34 N.W.2d 716, decided 1948, to support its position.

In all five states the statutes involved are almost identical with the statutes in Idaho. The statute was first enacted in New York. The Montana statute was enacted in 1895 and appears to have been adopted from the statute of New York. The Utah statute appears to have been adopted from the Montana statute in 1917 and was first construed as to this matter in 1930 in the case of State v. Olsen, supra. Both the New York statute and the Montana statute, but not the Utah statute, had been construed before the present Idaho statute was enacted.

It is the contention of appellant that if it be charged in the indictment and proven at the trial that the defendant kept and detained another rather than *secretly* kept and detained another, the indictment charges and the proof sustains, at most, a conviction of false imprisonment; that there must be a distinction between the crime of false imprisonment and kidnapping, and

462

that the element of "secrecy" supplies this distinction.

■■ At common law kidnapping consisted of the forcible abduction or stealing or carrying away of a person from his own country to another; the common law definition has been greatly extended, enlarged, and broadened by statute 51 C.J.S., Kidnapping, § 1, p. 431. The crime, both under the common law and by statute, embraces all the elements of false imprisonment. 2 Bishop on Criminal Law, 9th Ed., Sec. 750; People v. Camp, supra.

■ Secrecy is not an element of the crime of kidnapping under the common law; it is not an element of the statutory offense of seizing a person with intent to keep or detain him against his will unless the statute so expressly provides. Ex parte McDonald, supra; State v. Taylor, supra; State v. Croatt, supra; 51 C.J.S., § 1, subsec. 7, Kidnapping, p. 437; 68 A.L.R., 720; 21 Am.Jur., Sec. 12, p. 816.

The question actually decided in the case of People v. Camp, supra, by the New York court was whether or not, in order to sustain a conviction under the statute, it must be made to appear that the *imprisonment or confinement was secretly done.* There it was held that it must so appear; however, the clause of our statute, similar to a like clause of the New York statute, Pen.Code, § 211, providing for one of the four alternative methods of committing the offense of second degree kidnapping, that is, by keeping or detaining a person

against his will and without authority of law, was not considered by the New York court and the case of People v. Camp is not in point in support of the contention herein asserted by the appellant; the question for determination in the New York case was not whether or not secrecy was an essential element of every one of the four acts denounced under subdivision 1 of the statute, but whether it was an essential element under the first act denounced thereunder, that is, *confining* or *imprisoning* another within the state; that secrecy is such an essential element under the first act denounced cannot seriously be questioned under the Act of any of the states, because it is expressly provided for therein.

In the case of Ex parte McDonald, supra, the charging part of the information was, for all practical purposes, identical to the charging part of the indictment in the instant case and the particular question there for consideration was whether or not secrecy was an essential element of the crime of kidnapping accomplished by keeping and detaining a person without authority of law and against his will; there, as here, it was contended by the defendant that the information did not set forth sufficient facts to constitute a public offense under the statute, Rev.Code 1907, § 8306, for the reason that it did not charge the defendant with having secretly kept and detained the person, but simply alleged that the defendant kept and detained such per-

son. The Supreme Court of Montana concluded that the word "secretly" modifies only the words "confined or imprisoned", and that each clause is separated by the disjunctive "or", and that each and all of them are complete within themselves and that whether the act of kidnapping be accomplished by sending another out of the state, or holding one for service, or keeping or detaining one, be done secretly or openly, the offense is completed.

The Supreme Court of Utah, in the case of State v. Olsen, supra [76 Utah 181, 289 P. 94], had before it the identical question decided by the Montana Supreme Court in the case of Ex parte McDonald. The matter was considered by the Supreme Court of Utah in 1930, subsequent to both the case of People v. Camp, supra, and Ex parte McDonald, supra, and the Supreme Court of Utah, in holding that the information having failed to allege and the evidence having failed to show that the defendant at the time of the alleged offense seized another with intent to secretly keep or detain her against her will, failed to allege facts sufficient to constitute the crime of kidnapping but alleged sufficient to constitute the crime of false imprisonment. The Supreme Court of Utah relied strongly on the case of People v. Camp, supra, which, as heretofore pointed out, did not therein have for consideration nor did it decide that secrecy was an essential element of the act of kidnapping one by keeping and detaining him against his will.

The Utah Court concluded that the statute was somewhat meaningless because the words "to be" before the words "in any way held to service, or kept or detained" Comp.Laws 1917; § 8040, subd. 1, were omitted; to clarify the meaning of the sentence, the Court resorted to transposing of the words of the statute in such a manner that the word "secretly" might be made to modify the words "kept or detained", and suggested that with such transposition this section would read as follows:

"Every person who wilfully seizes, confines, inveigles or kidnaps another with intent to cause him, without authority of law, to be secretly confined or imprisoned or in any way held to service, or kept or detained within this state, or to be sent out of the state against his will is guilty of kidnapping."

It is to be noted that even with such transposition the court carefully avoided having the word "secretly" operate to modify the phrase "or to be sent out of the state". The method used by the Supreme Court of Utah in so transposing this section, by rearranging the language of the statute in such manner, is not resort to an aid to statutory construction, a judicial function, but is the exercise of legislative function, which is not a prerogative of the court.

On the other hand, the Supreme Court of Montana did not resort to transposition, but resorted to the application of the or-

dinary rules of grammar, a recognized aid in analyzing the statute, and in so doing supplied the words "to be" just after the word "or" and before the words "in any way held to service or kept or detained", and proceeded to point out that if the word "secretly" is to be understood as to modify any of the clauses except the clause with reference to "confined or imprisoned", it must, for like reason, be understood as to modify all the clauses, including "to be sent out of the state"; the court hastened to point out that the element of secrecy has never been regarded as a concomitant of the act denounced as an offense by this clause, and concluded that one could not escape the conclusion that if a person should seize another without authority of law with the intent to cause such person to be sent out of the state, such act would come within the provisions of the statute, whether it was accomplished secretly or openly.

In the case of State v. Taylor, supra [70 N.D. 201, 293 N.W. 223], under a statute, Comp.Laws 1913, § 9514, subd., 1, identical with the statute of Idaho, the defendant was convicted of kidpnapping; there, as here, on appeal the defendant challenged the sufficiency of the information to charge a public offense because it did not allege that the party kidnapped had been secretly detained against her will. The Supreme Court, in sustaining the conviction, cited with approval and followed Ex parte McDonald, supra, and stated:

"The term 'secretly', as used in this subdivision heretofore quoted, refers to the words 'confined or imprisoned within this state'. The word does not apply to the subsequent clause, 'detained against his will'."

In the case of State v. Croatt, supra, the Supreme Court of Minnesota had for consideration substantially the same question as presented in this case, under a statute, M.S.A. § 619.34, similar to the statute of Idaho. There the defendant contended that the indictment did not charge the commission of the act of kidnapping in the second degree, relying principally upon the case of People v. Camp, supra. The Court expressed doubt that the Camp case considered or passed upon the precise question, and even if it did expressly decline to follow the ruling therein, but did quote with approval from and followed the holding in Ex parte McDonald, supra, and State v. Taylor, supra.

We believe upon principle that the decision announced in the case of Ex parte McDonald, supra, and followed in the cases of State v. Taylor, supra, and State v. Croatt, supra, is sound and should be followed.

We hold that the indictment stated sufficient facts to constitute the public offense of kidnapping in the second degree and that the court did not err in overruling defendant's objection to the introduction of evidence, or in refusing to grant defend-

ant's motion in arrest of judgment, or in giving of the instructions assigned as error.

 Appellant finally assigns as error the order of the trial court, appointing a special prosecutor to prosecute this particular case, for the reason that no statutory grounds, as set forth in Section 31–2603, I.C., were shown in the motion of the Prosecuting Attorney of Bingham County, Idaho, or in his supporting affidavit or the order making such appointment. The record reveals that when the court convened for the trial of this case the prosecuting attorney moved the court for the appointment of a special prosecutor to prosecute this case; the motion was supported by the affidavit of the prosecuting attorney and was granted. Counsel for defense made no objection to such appointment, and such special prosecutor assumed his duties and the case proceeded to trial. From the disposition we shall make with reference to this assignment of error, it is deemed unnecessary to set forth or discuss the showing made by the prosecuting attorney for the appointment of a special prosecutor to prosecute this case. An appropriate and timely objection to such appointment could have been presented to the trial court by defendant, but no such objection, as the record reveals, was urged before the district court, but was presented for the first time on appeal to this court. The objection is hence waived, and will not be here considered. State v. Price, 38 Idaho 149, 219 P. 1049, 35 A.L.R. 1458.

The judgment of conviction is affirmed.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.