653 P.2d 1178

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Christopher James WILCOTT,
Defendant-Appellant.**

**No. 13967.**

Supreme Court of Idaho.

Nov. 5, 1982.

Frederick G. Loats of Nordlof & Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction of first degree kidnaping which was entered following a jury trial and a verdict of guilty. We reverse and remand.

The facts are virtually undisputed and indicate that appellant Wilcott was driving by a school in Rathdrum, Idaho, and picked up a fourteen year old hitchhiker who was seeking a ride to his home located approximately a mile and a half away. During that brief ride they engaged in casual conversation and as they approached the boy's home, a homosexual proposal was made by Wilcott and refused by the boy. The boy indicated the location of his house and his desire to get out of the vehicle. Thereafter, although there is conflict in the details, the offer or perhaps demand for a homosexual act was repeated by Wilcott, who kept driving the car past the home of the boy. Approximately 100 yards further down the road the boy grabbed the steering wheel and pulled the vehicle into the ditch. He then departed the vehicle and went to his home.

The record does not indicate that Wilcott forced, enticed or inveigled the boy into the vehicle. The record does not indicate that Wilcott touched the boy or threatened him in any way, and the record does not indicate any injury to the boy from any cause. Here the crime charged must fall within the strictures of I.C. § 18–4501, which defines kidnaping in pertinent part as:

"Every person who wilfully:

"1. Seizes, confines, inveigles or kidnaps another, with intent to cause him, without authority of law, to be secretly confined or imprisoned within this state, or to be sent out of this state, or in any way held to service *or kept or detained against his will* . . ."

I.C. § 18–4502 defines first degree kidnaping in pertinent part as:

"Any kidnaping committed for the purpose of . . . committing any lewd and lascivious act upon any child under the age of sixteen (16) years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of any person, shall be kidnapping in the first degree."

Appellant's principal assertion of error and the only one necessary for consideration herein is that the trial court erred in refusing to give appellant's requested jury instruction setting forth that the offense of false imprisonment (I.C. § 18–2901) is a lesser included offense within the crime of kidnaping. We hold the refusal to so instruct the jury was error.

 The near unanimous holding of the courts has been that false imprisonment is an included offense within the charge of kidnaping, Annotation 68 A.L.R.3d 828, and the only cited exception appears to be *Geitner v. State,* 59 Wis.2d 128, 207 N.W.2d 837 (1973). This Court has stated in *State v. Evans,* 72 Idaho 458, 243 P.2d 975 (1952), "At common law kidnapping consisted of the forcible abduction or stealing or carrying away of a person from his own country to another; the common law definition has been greatly extended, enlarged, and broadened by statute [citations]. The crime, both under the common law and by statute, embraces all the elements of false imprisonment." *Cf., State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980); *State v. McCormick,* 100 Idaho 111, 594 P.2d 149 (1979); *State v. Herr,* 97 Idaho 783, 554 P.2d 961 (1976); *State v. Boyenger,* 95 Idaho 396, 509 P.2d 1317 (1973); *Griffin v. Clark,* 55 Idaho 364, 42 P.2d 297 (1935).

Where, as here, a defendant has correctly requested an instruction regarding another offense which the evidence indicates was necessarily included within the offense charged, the trial court's failure to give such an instruction is error. *State v. Boyenger, supra.* Hence, the conviction must be reversed and the cause remanded for further proceedings.

We have examined appellant's additional assertions of error and find them to be without merit.

Reversed and remanded.