## In re KLUNE.

### (No. 5,810.)

(Submitted September 21, 1925. Decided October 10, 1925.)

[240 Pac. 286.]

*Habeas Corpus—Sunday Observance Law—Statutory Construction.*

Sunday Observance Law—Construction — Operation of Dance-hall Prohibited.
    1. Section 11039, Revised Codes of 1921, prohibiting the operation of dance-halls, dance-houses, *etc.*, on Sunday, "or any other place of amusement where any intoxicating liquors are sold," construed, on application for writ of *habeas corpus*, and *held*, in view of the history of the legislation on Sunday observance and the rule of construction *infra*, to interdict the operation of a dance-hall on Sunday, even though intoxicating liquors are not sold therein.

Statutory Construction—Amendments Open to Two Constructions—Rule.
    2. Of two constructions, either of which is warranted by the words of the amendment of a statute, that is to be preferred which best harmonizes the amendment with the general tenor and spirit of the Act amended.

---

Statutes, 36 Cyc., p. 1117, n. 15; p. 1138, n. 47; p. 1148, n. 32; p. 1149, n. 33, 34; p. 1164, n. 75.
  Sunday, 37 Cyc., p. 550, n. 14 New.

2. See 25 R. C. L. 1067.

APPLICATION by Joseph Klune for writ of *habeas corpus* against the sheriff of Silver Bow County. Writ discharged and complainant remanded.

*Mr. A. G. Shone,* for Complainant, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* for the State, submitted a brief; *Mr. Choate* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

*Habeas corpus.* The defendant is held in custody by the sheriff of Silver Bow county by virtue of a warrant issued by a justice of the peace upon a complaint which charges in effect that upon the twenty-third day of August, 1925, being Sunday, the defendant was guilty of keeping open, operating and maintaining the Castle Dance Hall, "the said Castle Dance Hall not being then and there maintained or conducted in a public park or playground where no admission is charged," in violation of section 11039, Revised Codes of 1921, quoted later.

This section, a Sunday observance law, in the main, has had a constant place in the statutes of Montana for over half a century. Its forerunner was enacted in that period of our history which the uninformed might deem the wild, careless, early days. This was "an Act for the better observance of the Lord's Day," passed at the third session of the Legislative Assembly of the territory, approved December 13, 1866, the first section of which reads: "Hereafter it shall be unlawful for any person or persons to keep open any playhouse, theater, dance hall, hurdy-gurdy house, prize ring, or race ground on the first day of the week, commonly called the Lord's Day." It will be remembered that this legislation, in common with all other laws passed at the

second and third sessions, was annulled by Act of Congress
approved March 2, 1867 (14 Stats. at Large, p. 427, sec. 6).

The Legislative Assembly at its seventh session, begun De-
cember 4, 1871, enacted the Codified Statutes, in which we
find the following: "Sec. 142. It shall be unlawful for any
person to keep open any playhouse, theater, dance house,
hurdy-gurdy house, prize ring, race tract (*sic*), or to keep
open any banking game at cards, on the first day of the week,
commonly called Sunday or the Lord's Day. * * * (Chap-
ter X, Offenses against Public Morality, Health and Police."
[Codified Statutes 1871–72, p. 302].) The last-quoted lan-
guage, in so far as it related to any playhouse, theater, dance-
house, hurdy-gurdy house, prize-ring or race track was carried
forward upon our statute books, without material deviation
(sec. 849, Rev. Stats. 1879, p. 586; sec. 1406, Comp. Stats.
1887, p. 1039) until 1895, when the following appeared as
section 530 of the Penal Code: "Every person who on Sun-
day, or the first day of the week, keeps open or maintains or
aids in opening or maintaining any theater, playhouse, dance
house, race track, gambling house, concert saloon or variety hall
is guilty of a misdemeanor." Section 530 was re-enacted as
section 8369 of the Revised Codes of 1907 and so it remained
until amended by an Act of the Fourteenth Legislative As-
sembly, approved March 6, 1915.

The title of the 1915 Act reads: "An Act to amend section
8369, Revised Codes of Montana of 1907, with reference to the
observation of Sunday," and the section as amended (Sess.
Laws 1915, Chap. 92, p. 146), now appearing in the 1921
Codes as section 11039 (except as to the preposition "in"
inclosed in brackets, omitted by the commissioner), reads as
follows: "Every person who on Sunday, or the first day of
the week, keeps open or maintains, or who aids in opening
or maintaining any dance hall, dance house, race track, gam-
bling house or pool room, variety hall, or [in] any other
place of amusement where any intoxicating liquors are

sold or dispensed, is guilty of a misdemeanor; provided, how-
ever, that the provisions of this section shall not apply to such
dancing halls or pavilions as are maintained or conducted in
public parks, or playgrounds where no admission is charged,
and where good order is maintained, and where no intoxicat-
ing liquors are sold." The statute is clearly within the police
power of the state. (*State* v. *Penny,* 42 Mont. 118, 31 L. R. A.
(n. s.) 1155, 111 Pac. 727.)

The sole question for solution is: Does the statute as
[1] amended in 1915, and now existing, prohibit the opera-
tion on Sunday of a dance-hall not of the character of those
mentioned in the proviso? The defendant insists that "the
legislature amended the law for the sole purpose of keeping
closed on Sunday all forms of amusement where intoxicating
liquors are sold or dispensed," and it is not charged that the
defendant in keeping open and maintaining the Castle Dance
Hall offended in that particular. In other words, it is argued
that when the legislature followed the language of the
time-honored statute with the clause "or any other place
of amusement where any intoxicating liquors are sold or
dispensed" it intended to relate the words "where any in-
toxicating liquors are sold or dispensed" to each and all of the
antecedent places named: dance-hall, dance-house, race-track,
gambling-house or poolroom, variety-hall or any other place
of amusement.

In considering the question presented the rules of grammar,
which are to be employed as the first key of interpretation
(*Jay* v. *School District,* 24 Mont. 219, 61 Pac. 250; *In re
McDonald,* 50 Mont. 348, 146 Pac. 942; *State* v. *Centennial
Brewing Co.,* 55 Mont. 500, 179 Pac. 296), give us little aid,
and a discussion along this line would be of little, if any,
avail. But when we take into consideration the history above
outlined, from which the policy of the territory and state for
nearly half a century prior to 1915 is perceived, the answer
is indicated pretty clearly.

The rule is that of two constructions, either of which is [2] warranted by the words of the amendment of a public Act, that is to be preferred which best harmonizes the amendment with the general tenor and spirit of the Act amended. (Mr. Chief Justice Chase in *Griffin's Case*, Fed. Cas. No. 5815; Black on Interpretation of Laws, 356; Lewis' Sutherland on Statutory Construction, sec. 489.) Moreover, "where a section or a part of a statute is amended, it is not to be considered as having been repealed and re-enacted in the amended form, but the portions which are not altered are to be considered as having been the law from the time when they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment." (Sec. 93, Rev. Codes 1921; *State ex rel. Jacobson* v. *Board*, 47 Mont. 531, 134 Pac. 291; *State ex rel. Paige* v. *District Court*, 54 Mont. 332, 169 Pac. 1180; 25 R. C. L. 807.)

Now, the general tenor and spirit of the Act before amendment absolutely prohibited anyone from keeping open or maintaining any dance-house on Sunday. The ban had been upon the dance-house ever since 1871. The Act was a Sunday observance law, nothing else. It did not touch the liquor traffic, then a subject of lawful commerce. The law with respect to dance-houses was copied into the amended statute; it was even emphasized by the addition of dance-halls. Nothing indicates an intention to change the governmental policy which had extended over half a century; the intention seems to have been rather to fortify than to weaken that policy, except as to the modification contained in the proviso.

The legislature included within the ban not only the places of amusement which had been covered by the original Act but others, and then added the catch-all clause "any other place of amusement where any intoxicating liquors are sold or dispensed,"—a recognition of the notorious fact that the use of intoxicating liquor at public gatherings tends to disorder, which is incompatible with Sunday observance. The use

of the word "other" was not happy; indeed, the amended statute is clumsily worded; but, in view of the history of the Act we cannot believe that by the use of the word "other" the legislature intended to change so materially the long-existing policy underlying the Sunday observance law. Had it been intended that the phrase "where intoxicating liquors are sold" should qualify dance-halls, dance-houses, race-tracks, gambling-houses or poolrooms and variety-halls, it would follow that any of such places where liquor was not sold would not come within the prohibition of the statute. Such places would be permitted to operate freely on Sunday as well as upon any other day. No such construction is permissible.

The proviso made a special exception to the general operation of the law, in the nature of a concession, it may be said, to those who enjoy dancing on Sunday, but the law-making body was particular with respect to the privilege extended; it declared "that the provisions of this section shall not apply to such dancing halls or pavilions as are maintained or conducted in public parks or playgrounds where no admission is charged, and where good order is maintained, and where no intoxicating liquors are sold." The concluding words, "and where no intoxicating liquors are sold," we observe from the House Journal of the Fourteenth Assembly, page 419, were not in the bill as introduced, but were added upon recommendation of the committee on judiciary; this being inspired, undoubtedly, by a desire to clarify the Act. The evident purpose was to make clear that although "dancing halls or pavilions" might be maintained or conducted in public parks or playgrounds, where no admission is charged, were excepted from the operation of the Act, these places of amusement nevertheless were not excepted from the provision respecting intoxicating liquors. The privilege extended, relaxing the law as it did, was placed under the definite restrictions named.

As we do not find the complainant's construction of the statute sound, the writ is accordingly discharged, and complainant is remanded.

*Writ discharged.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.