FILED

05/02/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0603

DA 16-0603

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 100

IN THE MATTER OF THE ESTATE OF
GREGORY ENGELLANT,

A Protected Person.

DAREN ENGELLANT and KEVIN ENGELLANT,

Petitioners and Appellants,

v.

KENNETH ENGELLANT, individually and
as Guardian and Conservator for
GREGORY ENGELLANT, a protected person,

Respondent and Appellee.

APPEAL FROM:     District Court of the Twelfth Judicial District,
                 In and For the County of Chouteau, Cause No. DP-85-008
                 Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Paul A. Sandry, Johnson, Berg, & Saxby, PLLP, Kalispell, Montana

        For Appellee:

                Stephen R. Brown, Jr., Bradley E. Dugdale, Bosch, Kuhr, Dugdale,
                Martin & Kaze, PLLP, Havre, Montana

        For Gregory Engellant:

                Daniel N. McLean, Jerrod D. Bevan, Crowley Fleck, PLLP,
                Helena, Montana

Submitted on Briefs:  March 29, 2017

Decided:  May 2, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Daren Engellant and Kevin Engellant filed a petition to remove Kenneth Engellant as conservator for Gregory Engellant.  They appeal from the District Court's September 19, 2016 order granting Kenneth's motion for summary judgment and concluding that they lacked standing to maintain the petition.  We reverse and remand.

¶2     We restate the issue on appeal as follows:  Did the District Court err in granting summary judgment to Kenneth and dismissing the petition for lack of standing?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     The parties to this case are all related.  Petitioners Daren and Kevin Engellant are the sons of Respondent Kenneth Engellant, and they are the nephews of Gregory Engellant. Gregory was permanently disabled in an accident in 1982. His brother Kenneth has served as his appointed conservator since 1985.  Gregory executed a will in 1978 prior to his accident, and in 2012 he executed a second will.  Daren and Kevin are devisees under both wills.

¶4     Daren and Kevin object to the way their father Kenneth has handled their Uncle Gregory's affairs as conservator.  They complained to Montana Adult Protective Services (APS) that Kenneth was improperly administering the conservatorship estate.  APS filed an action seeking to remove Kenneth as conservator, but the action was subsequently dismissed by stipulation.  Daren and Kevin filed the present action in November 2014 in the conservatorship proceeding, seeking to remove their father Kenneth as conservator for their Uncle Gregory.

3

¶5    In September 2015 Kenneth filed a motion for summary judgment, contending that Daren and Kevin lacked standing to maintain a proceeding to remove him as conservator. In September 2016 the District Court granted Kenneth's motion for summary judgment, concluding that Daren and Kevin lacked standing.

¶6    Daren and Kevin appeal.

## STANDARD OF REVIEW

¶7    This Court reviews a district court's decision on summary judgment de novo to determine whether it is correct, using the same criteria as the district court under M. R. Civ. P. 56. *Pilgeram v. GreenPoint Mortgage*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839.

## DISCUSSION

¶8    *Issue: Did the District Court err in granting summary judgment to Kenneth and dismissing the petition for lack of standing?*

¶9    The District Court determined that Daren and Kevin's petition was governed by § 72-5-413, MCA, which allows a "person interested in the welfare" of a conserved person to petition for an order removing the conservator. The District Court determined that the definition of "person interested in the welfare of a protected person" in § 72-5-413(4), MCA, governed whether Daren and Kevin had standing to pursue the petition. That section provides that "[f]or purposes of this section" a "person interested in the welfare of a protected person" is "any person, institution, or agency that is furnishing or supplying any money for support or care of a person for whom a conservator has been appointed." The District Court determined that the brothers did not qualify under this definition, and that

4

they could not rely upon the definition of "interested person" in § 72-1-103(25), MCA, because they were only devisees under Uncle Gregory's will and therefore had only an expectancy interest that was insufficient to grant them standing.

¶10 Sections 72-1-103(25) and 72-5-413, MCA, appear in the Uniform Probate Code (UPC), § 72-1-101, MCA, et seq., which uses some variant of the term "interested person" in a number of contexts.[1] Section 72-1-103, MCA, provides "general definitions" for the UPC, while providing that there can be "*additional* definitions contained in the subsequent chapters" of the Code (Emphasis added). The definition in § 72-1-103(25), MCA, provides:

> "Interested person" includes heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person. The term also includes persons having priority for appointment as personal representative and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.

Subsection (12) of that same statute defines "Devisee" as "a person designated in a will to receive a devise."

¶11 When interpreting a statute, this Court will "seek to implement the objectives the legislature sought to achieve, and if the legislative intent can be determined from the plain language of the statute, the plain language controls." *In re Conservatorship of Kloss*, 2005 MT 39, ¶ 10, 326 Mont. 117, 109 P.3d 205. A statute must be construed according to its

---

[1] *See, e.g.,* § 72-3-105, MCA (an interested person may apply to the clerk for a determination in an informal proceeding); § 72-3-402, MCA (an interested person may petition for supervised administration); § 72-3-634, MCA (an interested person may move for a settlement of fees).

5

plain meaning and if the language is clear and unambiguous then no further interpretation is required. In addition, the Court must construe a statute as a whole in order to avoid absurd results and to give effect to the purpose of the statute. *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, 14 P.3d 487.

¶12 Applying these principles here, it is clear that the term interested person defined in § 72-1-103(25), MCA, includes Daren and Kevin. They are "interested persons" under UPC proceedings because they are devisees under Uncle Gregory's will. We disagree with the District Court's determination that the phrase "any others having a property right" in § 72-1-103(25), MCA, excludes them from the class of "interested persons." They are devisees, and whether devisees have a present or future right, they are specifically included as "interested persons" under § 72-1-103(25), MCA.

¶13 We disagree with the District Court's conclusion that § 72-5-413(4), MCA, defines the exclusive class of persons entitled to bring a petition for an order subsequent to appointment. First, the plain language does not say that only those described in subsection (4) may bring a petition. Rather, the plain intent of the subsection is to expand the class of petitioners beyond those included in § 72-1-103(25), MCA, to include persons or entities (including agencies) that furnish support for a person under a conservatorship. Second, the general definition in § 72-1-103, MCA, recognizes that *additional* definitions of terms may appear elsewhere in the UPC. The definition in § 72-5-413(4), MCA, is such an "additional definition" and nothing indicates that it is exclusive or that it supplants the definition in § 72-1-103(25), MCA. Finally, § 72-1-103(25), MCA, specifically provides that the

6

meaning of interested person "may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding."

¶14 In summary, the language in the two statutes at issue, §§ 72-1-103 and 72-5-413, MCA, evidences an intent, as applicable to the facts of this case, to provide a more expansive rather than a more restrictive definition of who may bring a petition under § 72-5-413, MCA. *In re the Conservatorship of Kloss*, ¶ 10. The language of the two statutes does not conflict so that one is the specific and one the general. Clearly the two statutes may be construed and applied harmoniously. *In re Estate of Easterbrook*, 2003 MT 317, ¶ 7, 318 Mont. 275, 80 P.3d 419 (applying the two statutes together to determine who is an "interested person").

¶15 To the extent that *In re the Estate of Miles v. Miles*, 2000 MT 41, 298 Mont. 312, 994 P.2d 1139 (involving the interest of statutory heirs in an annuity contract that terminated on the annuitant's death) and *In re the Guardianship and Conservatorship of Anderson*, 2009 MT 344, 353 Mont.139, 218 P.3d 1220 (involving a payment-on-death beneficiary of an investment account) hold that each class of persons listed in § 72-1-103(25), MCA, must possess a present property right in the estate to be an "interested person," those cases are factually distinguished. Neither of those cases involved devisees. "Devisees" are "interested persons" under § 72-1-103(12) and (25), MCA, and § 72-5-413, MCA, without possessing any other right or claim.

## CONCLUSION

¶16 This case presents a question of law based upon Montana statutes. While the briefs contain extensive argument about intra-family disagreements regarding the

7

conservatorship, the District Court did not make any findings of fact on those issues, and the parties do not contend that there are disputed issues of material fact that preclude summary judgment. This Opinion is limited to the issue of standing.

¶17 Reversed and remanded for further proceedings.


/S/ MIKE McGRATH


We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE