FILED

05/06/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0418

DA 23-0418

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 93

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

RYAN CLINTON BLOOMER,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-23-190
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Tammy A. Hinderman, Appellate Defender, Joshua James Thornton, Assistant Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Selene Koepke, Assistant Attorney General, Helena, Montana

          Matthew C. Jennings, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  March 12, 2025

Decided:  May 6, 2025

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Ryan Bloomer appeals the Fourth Judicial District Court's sentence for his fifth DUI offense. Bloomer contends that when the trial court contemporaneously sentenced him for his fourth and fifth DUI offenses, it contravened the plain language of § 61-8-1008(2), MCA. We reverse and remand for the District Court to resentence Bloomer on the latter offense under § 61-8-1008(1), MCA.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In 2021, the Montana Legislature amended the state's DUI laws, effective in January 2022. In part, the amendments reorganized and recodified the penalty provisions for felony DUI offenses. *See* 2021 Mont. Laws ch. 498. Substantively, the amendments increased the penalties for fifth and subsequent offenses. *Compare* § 61-8-731(3), MCA (2019), *and* § 61-8-1008(2) to (4), MCA (2021).

¶3 Ryan Bloomer committed his fourth DUI in 2021 and pleaded guilty to the charge in 2022. In April 2023, before Bloomer had been sentenced on the 2021 offense, the State charged him with another felony DUI, to which Bloomer later pleaded guilty.

¶4 The District Court sentenced Bloomer for both the fourth and fifth DUI offenses during the same hearing in May 2023. For the fourth offense, the court sentenced Bloomer under § 61-8-731, MCA (2019)—the statute in effect at the time of the offense—to thirteen months at the Department of Corrections (DOC) followed by a five-year suspended sentence, with a recommendation that Bloomer attend the Warm Springs Addiction, Treatment, and Change (WATCh) program. The court contemporaneously sentenced

Bloomer for his fifth offense under the new statute—§ 61-8-1008(2), MCA (2021)—to a concurrent nine-year term with the DOC, with five years suspended.[1] Bloomer challenges the sentence imposed for his fifth offense under § 61-8-1008(2), MCA.

## STANDARDS OF REVIEW

¶5 "We review criminal sentences for legality." *State v. Gibbons*, 2024 MT 63, ¶ 20, 416 Mont. 1, 545 P.3d 686 (quoting *State v. Yang*, 2019 MT 266, ¶ 8, 397 Mont. 486, 452 P.3d 897). "A trial court's statutory interpretation is a question of law" that we review for correctness. *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, 106 P.3d 521 (citation omitted).

## DISCUSSION

¶6 Section 61-8-1008(1), MCA, prescribes the sentencing options for a person's fourth DUI. It provides, in relevant part, that if a person has three or more prior DUI convictions and is convicted of a fourth, then the person is guilty of a felony and subject to the statute's sentencing provisions. Section 61-8-1008(1)(a), MCA. A person is subject to the sentencing provisions of § 61-8-1008(2), MCA, if the person is convicted of their fifth DUI offense and the person has been "previously sentenced under" § 61-8-1008(1)(a)(i) or (1)(a)(ii), MCA.

¶7 Bloomer argues that the District Court's sentence for his fifth DUI pursuant to § 61-8-1008(2), MCA, was unlawful because he had not been "previously sentenced under" § 61-8-1008(1)(a)(i) or (1)(a)(ii), MCA. Instead, the District Court imposed the

---

[1] All references to § 61-8-1008, MCA, in this Opinion are to the 2021 law.

sentence for Bloomer's fourth DUI under § 61-8-731, MCA (2019). The plain language of § 61-8-1008(2), MCA, Bloomer asserts, is clear and unambiguous: It means that unless a person already received a sentence under § 61-8-1008(1)(i) or (1)(a)(ii), MCA, the person cannot be sentenced under § 61-8-1008(2), MCA. Because § 61-8-1008(2), MCA, is unambiguous, Bloomer maintains that the statute's legislative intent is apparent from its plain language.

¶8 Citing *Ex parte Klune*, the State responds that the District Court's interpretation of § 61-8-1008(2), MCA, aligns with the legislative intent behind Montana's DUI laws as a whole. *Ex parte Klune*, 74 Mont. 332, 336, 240 P. 286, 287 (1925) (citations omitted) ("The rule is that of two constructions, either of which is warranted by the words of the amendment of a public act, that is to be preferred which best harmonizes the amendment with the general tenor and spirit of the act amended."). Because penalties increase with each additional DUI conviction, the State argues that Bloomer's interpretation of § 61-8-1008(2), MCA, is inconsistent with Montana's DUI statutes viewed in their entirety. Bloomer's interpretation, the State maintains, would "wip[e] out prior valid DUI convictions for sentencing enhancement purposes" and "require[] the stacking of felony DUI convictions for repeat offenders to restart." That the 2021 Legislature clearly intended to increase penalties for defendants with five or more DUI convictions, the State asserts, is further indication that Bloomer misinterprets § 61-8-1008(2), MCA.

¶9 Our role in construing statutes "is simply to ascertain and declare what is in terms or substance contained therein, not to insert what has been omitted or to omit what has been

inserted." Section 1-2-101, MCA. "When interpreting a statute, we seek to implement the objectives the legislature sought to achieve, and if the legislative intent can be determined from the plain language of the statute, the plain language controls." *In re Estate of Kemmer*, 2023 MT 234, ¶ 10, 414 Mont. 182, 539 P.3d 636 (quoting *In re Conservatorship of Kloss*, 2005 MT 39, ¶ 10, 326 Mont. 117, 109 P.3d 205). "We construe a statute according to its plain meaning; 'if the language is clear and unambiguous then no further interpretation is required.'" *Estate of Kemmer*, ¶ 10 (quoting *In re Estate of Engellant*, 2017 MT 100, ¶ 11, 387 Mont. 313, 400 P.3d 218). "[T]his Court must also read and construe each statute as a whole so as to avoid an absurd result 'and to give effect to the purpose of the statute.'" *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, 14 P.3d 487 (quoting *Christenot v. Dep't of Com.*, 272 Mont. 396, 401, 901 P.2d 545, 548 (1995)).

¶10 We first reject Bloomer's argument that his fifth DUI sentence is unlawful because he was sentenced for his fourth DUI under § 61-8-731, MCA (2019), not under § 61-8-1008(1), MCA. Such a construction of the 2021 recodification would lead to an absurd result and defeat the clear purpose of the substantive amendments to Montana's DUI sentencing laws, which is to provide for an increased penalty with each subsequent DUI offense. *Infinity Ins. Co.*, ¶ 46 (citation omitted).

¶11 Prior to the 2021 amendments, however, this Court considered a statute with similar operative language, which defined a persistent felony offender as a person "who has previously been convicted of a felony and who is presently being sentenced for a second

felony . . . ." *State v. Running Wolf*, 2020 MT 24, ¶ 13, 398 Mont. 403, 457 P.3d 218 (quoting § 46-18-501, MCA (2015)) (emphasis omitted). The trial court there contemporaneously sentenced Running Wolf for two felony DUI offenses, using the first as the predicate offense to enhance his punishment for the second. *Running Wolf*, ¶ 5. Running Wolf appealed, arguing that because he was sentenced simultaneously "on both felony DUI offenses in one sentencing hearing, [he] had no 'previous felony conviction' upon which to base his PFO designation." *Running Wolf*, ¶ 14. A majority of the Court agreed with Running Wolf and held that the statute's plain language "clearly and unambiguously require[d] the existence of a felony conviction before the commission of the principal offense to effectuate a valid PFO designation." *Running Wolf*, ¶ 29.

¶12 The determinative language in *Running Wolf* ("previously convicted under") is substantively identical to the language in § 61-8-1008(2), MCA ("previously sentenced under"), now before us. As in *Running Wolf*, ¶ 29, the plain language of § 61-8-1008(2), MCA, is clear and unambiguous. Section 61-8-1008(2), MCA, requires that a defendant have been sentenced for his fourth DUI *before* sentencing for his fifth. The statute is not triggered by simultaneous sentencing for a defendant's fourth and fifth DUIs. Because § 61-9-1008(2), MCA, is clear and unambiguous, our inquiry into its meaning ends there. *Estate of Kemmer*, ¶ 10 (quoting *Estate of Engellant*, ¶ 11); *see also State v. Hayes*, 13 Mont. 116, 120, 32 P. 415, 416 (1893) (quoting *U.S. v. Wiltberger*, 18 U.S. 76, 95-96 (1820)) ("The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction.").

¶13 Here, the District Court imposed the sentences for Bloomer's fourth and fifth DUIs contemporaneously. Bloomer had not previously been sentenced for his fourth DUI when the District Court imposed sentence for his fifth offense under § 61-8-1008(2), MCA. Under the precedent of *Running Wolf* on substantively identical statutory terms, the District Court could not sentence Bloomer for a fifth DUI offense under § 61-8-1008(2), MCA, when it contemporaneously sentenced him for his fourth DUI offense. Thus, the District Court imposed an unlawful sentence for Bloomer's fifth DUI.[2]

## CONCLUSION

¶14 The plain language of § 61-8-1008(2), MCA, does not allow the increased penalty for a fifth DUI offense unless the defendant was "previously sentenced" for a fourth offense. Because the District Court imposed sentence for both offenses contemporaneously, the law constrained it to sentence him under one of the options in § 61-8-1008(1), MCA. We accordingly reverse and remand for the District Court to resentence Bloomer for his fifth DUI under that subsection of the statute.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY

---

[2] This sentencing decision will not affect the cumulative number of Bloomer's DUI convictions.