FILED

09/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0291

DA 24-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 208N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LARRY CLAY KING,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC-23-34
Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James C. Murnion, Murnion Law, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Selene Koepke, Assistant Attorney General, Helena, Montana

      Jania Hatfield, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs:  August 13, 2025

Decided:  September 9, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Larry Clay King appeals from the Twentieth Judicial District Court's March 12, 2024 judgment sentencing him to ten years with four years suspended and fining him $5,000 pursuant to § 61-8-1008(2), MCA, upon his conviction for Driving Under the Influence, fifth or subsequent offense. We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

¶3 With respect to the $5,000 fine, King argues that the District Court did not orally pronounce the fine at sentencing and it should therefore be stricken from the written judgment. On appeal, the State agrees that an amended judgment should be issued that does not include the $5,000 fine.

¶4 With respect to his incarceration sentence, King argues the District Court erred by sentencing him pursuant to § 61-8-1008(2), MCA, because the statute's plain language only allows a court to sentence a defendant pursuant to § 61-8-1008(2), MCA, if the defendant has been previously sentenced under § 61-8-1008(1)(a)(i) or (1)(a)(ii), which King has not. Five days after King filed his opening brief on appeal, we issued our Opinion in *State v. Bloomer*, 2025 MT 93, 421 Mont. 481, 568 P.3d 513. In his reply brief, King acknowledges that *Bloomer* addresses "the identical legal issue presented" in this case. We

rejected King's argument in *Bloomer*. "Unless it appears that our interpretation is manifestly wrong, we will not overrule precedent regarding the construction of statutory language." *State v. Spagnolo*, 2022 MT 228, ¶ 8, 410 Mont. 457, 520 P.3d 330 (citation omitted). Although King summarily asserts that "*Bloomer* was wrongfully decided," he does not assert, much less argue, that the Opinion was manifestly wrong.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm in part, reverse in part, and remand the case for the District Court to amend its judgment to strike the $5,000 fine.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE